UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

CHRISTOPHER FERRARA,
Plaintiff

Civil Action No. __________

VERSUS

JOSHUA B. WILLIAMS & HAZ MAT SPECIAL SERVICES, LLC,
Defendant

---

## NOTICE OF REMOVAL

---

Defendants, Joshua Williams and Haz Mat Special Services LLC (**"Defendants"**), through their undersigned attorneys and pursuant to 28 U.S.C. §§1446 and 1332, hereby file this Notice of Removal and thereby removes to the United States District Court for the Middle District of Louisiana an action that is pending in the 21st Judicial District Court of the Parish of Livingston, State of Louisiana, Suit No. 174,108, Div. A, *Christopher Ferrara v. Joshua B. Williams and Haz Mat Special Services, LLC*. The facts and legal authority supporting this Notice of Removal are as follows:

**A. <u>FACTUAL PREDICATE</u>**

1. On or about May 17, 2022, Plaintiff, Christopher Ferrara (**"Plaintiff"**), filed the Petition for Damages ("**Petition**") in Suit No. 174,108 in the 21st Judicial District Court of the Parish of Livingston, State of Louisiana. Plaintiff has asserted a cause of action against the Defendants for defamation concerning the alleged "derogatory, libelous and defamatory statements, comments and allegations about the character and integrity of [the Plaintiff]." *Petition* at ¶ 13.

2. On May 25, 2022, and on May 26, 2022, Plaintiff improperly attempted to effectuate service of process upon Joshua Williams, a domiciliary of the State of Texas, at the registered address for service of process for Haz Mat Special Services LLC at 7140 West Park Rd., Shreveport, LA 71129. The sheriff's return for Joshua Williams was "Due and Diligent;" and Long Arm Service was sent to the above address in Shreveport, LA, rather than to Joshua Williams' residence in Texas. Therefore, service has not be perfected upon Joshua Williams.

3. On May 24, 2022, and on May 26, 2022, Plaintiff attempted to effectuate service of process upon Haz Mat Special Services LLC through its agent for service of process, Joshua Williams, at 7140 West Park Rd., Shreveport, LA 71129. The sheriff's return for Haz Mat Special Services LLC was "Due and Diligent." Therefore, service has not be perfected upon Haz Mat Special Services LLC.

4. The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. 28 U.S.C. § 144(b). The thirty day period does not begin to run prior to formal and proper service of process on the defendant. *See Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344, 119 S.Ct. 1322, 143 L.Ed.2d 448 (1999). Defendants have not yet been properly served and the deadline for removal has not yet began to run. Hence, removal is timely.

5. Venue is proper in the United States District Court for the Middle District of Louisiana because the case is being removed from the 21st Judicial District Court of the Parish of Livingston in the State of Louisiana.

6. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all process and pleadings as of this date is attached as **Exhibit A, *in globo***.[1]

## B. DIVERSITY JURISDICTION EXISTS

7. The parties have complete diversity of citizenship pursuant to 28 U.S.C. § 1332.

8. Haz Mat Special Services LLC is a Texas limited liability company. *See* Printout from State of Louisiana Secretary of State, Commercial Division's website, a true and correct copy of which is attached hereto as **Exhibit B**. The sole member of Haz Mat Special Services LLC is Joshua Williams, a domiciliary of the state of Texas. *See* **Exhibit B**.

9. Plaintiff is a domiciliary of the state of Louisiana.

10. The Plaintiff's claims, although meritless, ostensibly seek damages in excess of $75,000 and, therefore, satisfy the jurisdictional amount.

11. In the Petition for Damages, Plaintiff seeks monetary damages for injuries to the Plaintiff's business and personal reputation. The Plaintiff is alleged to be the owner of US Fire Pump Company, L.L.C, which has "provide[d] industrial emergency fire services and specialized equipment to commercial industrial plants to extinguish chemical fires that occur on industrial plant sites" "since 2014." Further, not only does the Plaintiff develop, design, and manufacture the specialized equipment for extinguishing industrial fires, it also has an emergency response division that provides trained personnel for emergency events, which provides 24/7 emergency response services anywhere in the world. *See Petition* at ¶¶ 3-4.

---

[1] Exhibit A consists of the entire record of Suit No. 171,108 – Petition for Damages (5/17/2022); Service Return for Haz Mat Special Services, LLC (5/26/2022 listed as due & diligent); Service Return for Joshua B. Williams (5/26/2022 listed as due & diligent); Affidavit of Mailing (6/2/2022).

12. Plaintiff's Petition does not allege that the amount in controversy falls below $75,000, as required by Louisiana Code of Civil Procedure Article 893(A). Moreover, several Fifth Circuit decisions have established a clear analytical framework for resolving disputes concerning the amount in controversy when it is not apparent on the face of the Petition that the amount in controversy exceeds the $75,000 jurisdictional requirements. L*uckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir 1999). In such a situation, the removing defendant may show that the amount in controversy exceeds $75,000 in either of two ways: (1) by demonstrating that it is "facially apparent" that the claims are likely above $75,000, or (2) "by setting forth facts in controversy -- preferably in the removal petition, but sometimes by affidavit -- that support a finding of the requisite amount." *Id.*

13. In this case, it is facially apparent that the damages the Plaintiff seeks exceed $75,000. The Plaintiff alleges that the Defendants published, via social media, comments and allegations that were defamatory. *Petition* at ¶¶ 14-22. Though the allegations lack the specificity required to maintain a defamation action in this state,[2] Plaintiff, nevertheless, is seeking damages for alleged damage to his professional reputation and business relationships, as well as "pain and suffering to [his] physical and mental well-being [,] and anguish and embarrassment." *Petition* at ¶ 20.

14. There are a variety of damages commonly sought by a Plaintiff in a defamation action, including both specific and general damages. General damages "involve mental or

[2] Plaintiff's bare bones Petition and scant allegations of libel and slander stand as clear evidence of the weakness of Plaintiff's resolve to prosecute this case in good faith and the weakness of Plaintiff's claims overall, which, upon motion by the Defendants, this Court should dismiss. *See Fitzgerald v. Tucker*, 737 So.2d 706, 713-14 (La. 1999) (setting forth the requirements to plead, with specificity, allegations of defamation, in particular, the allegations of the name(s) of the individual offender(s), the specific defamatory statement(s), and the person(s) to whom the alleged defamatory statements were published)(citing cases)).

physical pain or suffering, inconvenience, the loss of intellectual gratification or physical enjoyment, or other losses of life or life-style which cannot be definitely measured in monetary terms." *Arnaud v. Dies*, 2016-642, p. 11 (La.App. 3 Cir. 12/7/16); 208 So.3d 1017, 1026 citing *Duncan v. Kansas City S. Ry. Co.*, 00–66 (La. 10/30/00), 773 So.2d 670, 682 (*quoting Keeth v. Dep't of Pub. Safety & Transp.*, 618 So.2d 1154, 1160 (La.App. 2 Cir. 1993) (internal quotation marks omitted); *Lege v. White*, 619 So.2d 190, 191 (La.App. 3 Cir. 1993) ("[d]amages resulting from defamation can include injury to reputation, personal humiliation, embarrassment, and mental anguish and suffering").

15. As a result of the purported damages at issue, the amount in controversy exceeds $75,000.00 and the jurisdictional requirements of 28 U.S.C. § 1332 have been met.

16. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of any of the Defendants' rights to assert any defenses or affirmative claims, including a counterclaim.

**C. PROCEDURAL COMPLIANCE**

17. In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders filed in this matter in the 21st Judicial District Court of the Parish of Livingston in the State of Louisiana, are attached as **Exhibit A, *in globo***.

18. In accordance with 28 U.S.C. § 1446(d), contemporaneously with the filing of this Notice of Removal, the Defendants have served Plaintiff with a copy of this Notice of Removal and has filed a Notice of Filing of Notice of Removal with the Clerk of the Court for the 21st Judicial District Court of the Parish of Livingston in the State of Louisiana. A copy of

the Notice of Filing of the Notice of Removal (without attachments) is attached hereto as **Exhibit C**.

19. Defendants respectfully request a trial by jury.

**WHEREFORE**, Defendants, Joshua Williams and Haz Mat Special Services LLC respectfully request that the action now pending in the 21st Judicial District Court of the Parish of Livingston in the State of Louisiana, Case No. 174108, be removed to this Honorable Court.

RESPECTFULLY SUBMITTED,

**BREAZEALE, SACHSE & WILSON, L.L.P.**
301 Main Street, 23rd Floor (70801)
Post Office Box 3197
Baton Rouge, Louisiana 70821-3197
Telephone: (225) 387-4000
Fax: (225) 381-8029

*s/ Carroll Devillier, Jr.*
Carroll Devillier, Jr. (La. Bar Roll #30477)
carroll.devillier@bswllp.com
Danielle L. Borel (La. Bar Roll #35669)
danielle.borel@bswllp.com
Candace B. Ford (La. Bar Roll # 37686)
candace.ford@bswllp.com

*Attorneys for Defendants Joshua Williams and Haz Mat Special Services LLC*

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

CHRISTOPHER FERRARA,
Plaintiff

Civil Action No. __________

VERSUS

JOSHUA B. WILLIAMS & HAZ MAT SPECIAL SERVICES, LLC,
Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on August 3, 2022, a copy of the above and foregoing *Notice of Removal* was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing and a copy of the foregoing has been sent this date, via electronic mail, facsimile, and/or United States mail, postage prepaid and properly addressed, to:

**Eric L. Pittman (#10648)**
PITTMAN & HUGGINS
1930 Florida Avenue S.W.
Denham Springs, LA 70726
Telephone: (225) 664-9500
Facsimile: (225) 664-2117
Email: eric@pittmanlawfirm.com

*Counsel for Christopher Ferrara*

*s/Carroll Devillier, Jr.*
Carroll Devillier, Jr. (#30477)
BREAZEALE, SACHSE & WILSON, L.L.P.
Post Office Box 3197
One American Place, 23rd Floor
Baton Rouge, LA 70821-3197
Telephone: (225) 387-4000
Facsimile (225) 381-8029
E-mail: carroll.devillier@bswllp.com